UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JUDY KOPFF, *et al.*                                )
                                                    )
              Plaintiffs,                           )
                                                    )
       v.                                           )
                                                    )        Civil Action No. 03-1747 (PLF)
WORLD RESEARCH GROUP, LLC, *et al.*  )
                                                    )
              Defendants.                           )
_____)


OPINION

       This matter is before the Court on [69] defendants' motion to dismiss the Second

Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Upon consideration of defendants' motion, plaintiffs' opposition, defendants' reply,

and the entire record in the case, the Court denies defendants' motion in part and grants it in part.

The Court finds that plaintiffs have stated claims against defendants Vidar J. Jorgensen, Tatiana

Pose, Dan Manganiello, the National Vehicle Leasing Association, and WRG Research, Inc. for

violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, but have failed to state

claims against CBI Research, Inc. and the Center for Business Intelligence, LLC.


I.  BACKGROUND

       Plaintiffs Judy and Gary Kopff bring this suit under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227.  Plaintiffs allege that, "since the mid-1990s,"

defendants have sent plaintiffs "dozens [of] unsolicited fax advertisement transmissions of two

pages each, on a regular basis approximately every two months, promoting various events . . .

without plaintiffs' prior express invitation or permission." Second Amended Complaint ("2d

Am. Compl.") ¶ 10.  Plaintiffs further aver that they received fourteen unsolicited faxes after

plaintiffs' attorney sent defendants a letter demanding that they cease sending the faxes, and four

more since the filing of this lawsuit.  See id. ¶¶ 13-14.  Finally, plaintiffs allege that "many or

most" of the faxes failed to identify the business, individual, or other entity which sent the fax or

the telephone number of the sender, and also did not include the date and time of the fax

transmission as required by the TCPA.  See id. ¶ 22.  Plaintiffs aver that defendants' alleged

actions in sending the unsolicited fax advertisements and failing to include required identification

information on the faxes were "willful and knowing."  Id. ¶¶ 30, 33.  Defendants Vidar J.

Jorgensen, Tatiana Pose, Dan Manganiello, the National Vehicle Leasing Association ("NLVA"),

WRG Research, Inc., CBI Research, Inc., and the Center for Business Intelligence, LLC have

moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state

a claim upon which relief can be granted.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the Court assumes the truth of the material facts as alleged in

the complaint, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991), and the "complaint

should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which

would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.

Cir. 1994); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d

235, 242 (D.C. Cir. 2002).  The complaint "is construed liberally in the plaintiffs' favor, and [the

Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts

alleged."  Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton,

292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000); Harris

v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be construed

liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those

inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's

legal conclusions.  See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v.

Clinton, 292 F.3d at 242.

### B.  The Telephone Consumer Protection Act

Under the Telephone Consumer Protection Act ("TCPA"), it is "unlawful for any

person within the United States . . . to use any telephone facsimile machine, computer, or other

device to send an unsolicited advertisement[.]"  42 U.S.C. § 227(b)(1)(C).  FCC regulations also

provide:

> It shall be unlawful for any person within the United States to use a
> computer or other electronic device to send any message via a
> telephone facsimile machine unless such person clearly marks, in a
> margin at the top or bottom of each transmitted page of the
> message or on the first page of the transmission, the date and time
> it is sent and an identification of the business, other entity, or
> individual sending the message and the telephone number of the
> sending machine or of such business, other entity, or individual.

47 C.F.R. § 68.318.   When facsimiles are sent by a fax broadcaster on behalf of other entities,

"the entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited facsimile advertisements[.]" In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Release No. 95-310, 10 F.C.C. Rcd. 12391, 12407 (Aug. 7, 1995) ("TCPA Rules").[1]  The FCC "emphasize[d], however, that facsimile broadcast services must ensure that their own identifying information appears on fax broadcasts.  We also point out that in cases where a facsimile is transmitted on behalf of multiple entities, the fax broadcaster must assure that each such entity is identified separately in accordance with the statutory requirement." Id. at 12407-08.  The TCPA provides a private cause of action to enjoin violations and "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater[.]"  47 U.S.C. § 227(b)(3).

### C.  Stating a Claim under Rule 12(b)(6)

Defendants argue that plaintiffs' Second Amended Complaint fails to allege clearly which defendant or defendants, if any, sent plaintiffs unsolicited faxes, and whether any of the unsolicited faxes were sent on behalf of one or more defendants.  According to defendants, plaintiffs' allegations are vague, conclusory, and deliberately ambiguous, and the Second

---

[1]     Defendants assert that "only those entities 'on whose behalf' the faxes are sent can be held liable under the TCPA unsolicited faxing provisions."  Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Second Amended Complaint ("Defs.' Mem.") at 10.  The FCC's rules indicate that when faxes are sent on behalf of another entity, that entity is ultimately liable. See TCPA Rules at 12407.  At least one court has held that the fax sender and the entity on whose behalf the faxes are sent are both liable. See Covington & Burling v. Int'l Marketing & Research, Inc., 2003 WL 21384825, at *9 (D.C. Super. Apr. 17, 2003) (holding both the fax broadcaster and the entity on whose behalf the fax broadcaster sent unsolicited faxes jointly and severally liable for damages inflicted on plaintiff).

Amended Complaint "rather carefully avoids alleging that the defendants actually sent or

benefitted from the allegedly unsolicited faxes.  Plaintiffs realize that the facts as alleged are

insufficient to hold any one party liable for the faxes, thus they choose to maintain a studied

ambiguity in their allegations so that they continue to hold the *group* liable."  Defs.' Mem. at 10.

Defendants' suggestion that plaintiffs have avoided alleging that defendants sent the allegedly

unsolicited faxes is false.  The Second Amended Complaint clearly states that "[s]ince the mid-

1990s, defendants . . . sent dozens of unsolicited fax advertisement transmissions . . . to

plaintiffs' telephone facsimile machine" and that defendants "sent a total of at least 40

unsolicited advertisements or transmissions to the plaintiffs' telephone facsimile machines." 2d

Am. Compl. ¶¶ 10, 29.

         With respect to the particular defendants named in the Second Amended

Complaint, the Court concludes for the reasons that follow that the complaint adequately states

claims against WRG Research, Inc., the National Vehicle Leasing Association ("NVLA"), Vidar

Jorgensen, Daniel Manganiello, and Tatiana Pose.

         Plaintiffs allege that defendants Daniel Manganiello and Tatiana Pose were

"personally and actively involved in sending one or more of the unsolicited faxes to plaintiffs,"

2d Am. Compl. ¶¶ 7, 8, 18; that "Tatiana Pose's name and email address or signature is printed

on some of the pages of the faxes which plaintiffs received on [ten specific dates]," id. ¶ 12; and

that plaintiffs received "an unsolicited fax sent on Jan. 8, 2003 with defendant Daniel

Manganiello's name printed on it."  Id. ¶ 13.  Construing these allegations liberally, the Court

concludes that plaintiffs have adequately stated claims against defendants Manganiello and Pose.

Plaintiffs allege that "defendant [NVLA] is a trade group that worked with the other defendants to send unsolicited fax advertisements, and obtained financial . . . and/or other actual benefits from sending these faxes," and that "defendant NVLA . . . knew the WRG defendants were advertising events involving NVLA, and approved of, and obtained benefits from, the sending of at least some unsolicited faxes" and "was advertised and listed as an Official Endorser on faxes, including . . . the unsolicited fax sent to plaintiffs on August 22, 2002[.]" 2d Am. Compl. ¶¶ 9, 15-16.  Thus plaintiffs have averred that unsolicited faxes were sent on behalf of NVLA with its knowledge and approval, and therefore plaintiffs have adequately stated a claim under the TCPA against that defendant.

Plaintiffs are, however, far from clear about the relationship of the remaining corporate defendants WRG Research, Inc., CBI Research, Inc., and Center for Business Intelligence, LLC (collectively "WRG defendants"), to the unsolicited faxes allegedly sent and received.   Plaintiffs maintain that the WRG defendants are:

> Massachusetts or New York companies in which defendant Vidar
> Jorgensen either is ro [*sic*] was an officer, manager, or stock holder, and
> have principal offices located in adjacent suites at 500 West Comings
> Park, Woburn, MA, 01801 and share similar purposes of organizing,
> marketing and consulting for conferences, trade shows and exhibitions.
> Some or all of these companies are affiliated with World Conference
> Holding Company, Inc., another MA corporation which is operated out of
> the same suites located at 500 West Cummings Park in Woburn, MA and
> of which defendant Vidar Jorgensen is the President, Treasurer, Clerk, and
> Director.  One or more of these entities uses the trade name "World
> Research Group" and may have a New York incorporated status, and use
> an address of 16 East 40th Street, 5th Floor, New York, NY 10016, and as
> of June 2003 advertised this address on the interrelated websites
> www.worldrg.com, www.wclists.com, and www.cbinet.com.

2d Am. Compl. ¶ 2.[2]  Plaintiffs also allege that "the domain name www.worldrg.com is

registered to Defendant WRG Research, Inc., and managed or supported from 500 W. Cummings

Park in Woburn, MA," while "the domains www.wclists.com and www.cbinet.com are both

registered to defendant CBI, Inc.," and are managed at the same address in Woburn,

Massachusetts.  Id. ¶¶ 3-4.  According to the Second Amended Complaint, "the WRG defendants

were and/or are in the business, *inter alia*, of promoting events, conferences and seminars under

the name 'World Research Group' advertised, *inter alia*, by fax advertisements sent to plaintiffs

without prior express invitation or permission."  Id. ¶ 5.  Plaintiffs further aver that "the WRG

defendants were used, primarily by Defendant Jorgensen, to promote by unsolicited faxes the

various conference activities those companies are involved in, and benefitted by the sending . . .

of these fax advertisements," and that "the WRG defendants were advertising events involving

NVLA, and [NVLA] approved of, and obtained benefits from, the sending of at least some

unsolicited faxes."  Id. ¶¶ 21, 15.

        Nowhere in the Second Amended Complaint do plaintiffs allege that a particular

WRG defendant sent any individual fax to plaintiffs on a specified date, although plaintiffs

attempt to connect the WRG defendants to the unsolicited faxes through exhibits appended to

various filings.  Only one of the exhibits, however, manages to link (however tenuously) a

particular WRG defendant to a specific fax.  On the May 1, 2002 fax sent to plaintiffs,

emblazoned with the logo of "World Research Group" and signed by Tatiana Pose, Pose invited

---

        [2]        Plaintiffs also include the World Research Group, LLC as one of the WRG
defendants.  Defendants note, however, that the World Research Group, LLC is not a party to this
suit, as plaintiffs have failed to effect service on that corporation.

plaintiffs to register online for a conference at http://www.worldrg.com/fw222, stating that "I

strongly encourage you to book your place now.  To do so, please visit *our* website listed

above[.]" (emphasis added).  As noted, plaintiffs have alleged that "the domain name

www.worldrg.com is registered to defendant WRG Research, Inc."  2d Am. Compl. ¶ 3.

Accepting that allegation as true, and considering it in conjunction with the May 1, 2002 fax, the

Court finds that plaintiffs have stated a claim against defendant WRG Research, Inc.  Although

plaintiffs never directly aver that WRG Research, Inc. sent the fax, the Court reasonably can infer

from Pose's apparent reference to a website allegedly owned by WRG Research, Inc. as "our

website" that WRG Research, Inc. was involved in sending the fax.

        At no point, however, do plaintiffs successfully connect CBI Research, Inc. or the

Center for Business Intelligence, LLC to the unsolicited faxes.  Plaintiffs attempt to link CBI

Research, Inc. to the faxes by arguing that the January 8, 2003 fax from Dan Manganiello states:

"to be removed or update your fax information, please email r.bolton@cbinet.com or fax to 781-

939-2490."  First Amended Complaint, Ex. B.  Plaintiffs aver in the Second Amended Complaint

that the domain www.cbinet.com is registered to defendant CBI Research, Inc.  See 2d Am.

Compl. ¶ 4.  The mere fact that the fax informs recipients that they can be removed from the fax

list by emailing an unknown individual with a cbinet.com address does not connect CBI

Research, Inc. to the fax any more than the hypothetical statement "to be removed or update your

fax information, please email johndoe@aol.com" would connect America Online, Inc. to the

unsolicited fax.

        Plaintiffs also argue that "a Google search on 781-939-2490 reveals (on the first

search 'hit') that this is the fax number used by defendant Center for Business Intelligence,

LLC." Plaintiff's Response to Defendants' Motion to Dismiss ("Pls.' Resp.") at 11. With

respect to this attempt to link the fax number to defendant Center for Business Intelligence, LLC,

the Court finds that plaintiffs are now relying on external evidence rather than the sufficiency of

their own pleadings.[3] The Court also notes that plaintiffs have submitted three versions of their

complaint at this point, and still have failed to allege this connection between fax numbers in

their pleadings. The Court concludes that plaintiffs have failed to state claims against defendants

CBI Research, Inc. and the Center for Business Intelligence, LLC.


*D. Stating a Claim against Vidar Jorgensen*

Defendants maintain that plaintiffs cannot hold Jorgensen liable as an alleged

officer of the World Research Group, LLC or the WRG defendants, as plaintiffs' allegations are

"vague, internally contradictory and conclusory assertions about the extent of Jorgensen's

authority, his relationship with the various corporate defendants, and his relationship to the

faxes." Defs.' Mem. at 13. "The general rule is that corporate officers are personally liable for

torts which they commit, participate in, or inspire, even though the acts are performed in the

name of the corporation." Vuitch v. Furr, 482 A.2d 811, 821 (D.C. 1984); see also Camacho v.

Rhode Island Ave. Corp., 620 A.2d 242, 246-47 (D.C. 1993) ("Under the law of the District of

Columbia, corporate officers are not shielded by the limited liability of the corporation for

---

[3]    While the Court, in deciding a motion under Rule 12(b)(6), "may consider not
only the allegations of the complaint but also documents referred to in the complaint and relied
upon by plaintiff in bringing the action" such as the faxes referred to in plaintiffs' Second
Amended Complaint, see Jordan v. Washington Mutual Bank, 211 F.Supp.2d 670, 678 (D. Md.
2004), the Court will not consider plaintiffs' Google searches, which are not referenced in the
complaint. See 2d Am. Compl. ¶¶ 12, 14.

liability for their own tortious acts."). An officer's liability may not be based merely on the officer's position in the corporation, however. Rather, "individual liability attaches when a corporate officer either physically commits the tortious conduct, or participates in 'some meaningful sense' in the tortious conduct." Camacho v. Rhode Island Ave. Corp., 620 A.2d at 247 (citing Vuitch v. Furr, 482 A.2d at 823).

In the context of the TCPA, courts have found that "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violate the statute, and was not merely tangentially involved. Individuals who directly . . . violate the TCPA should not escape liability solely because they are corporate officers." Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001); see Covington & Burling v. Int'l Marketing & Research, Inc., 2003 WL 21384825, at *6-7 (D.C. Super. 2003). In Texas v. American Blast Fax, Inc., the court held two corporate officers personally liable after determining that they were "the 'guiding spirits' and the 'central figures' behind the TCPA violations," and the "two persons who controlled all of Blastfax's day-to-day operations." 164 F. Supp.2d at 898. The court in Covington & Burling v. Int'l Marketing & Research found the two individual defendants liable as corporate officers because "the two officers are the only officers of [the fax broadcaster] and they have testified to their involvement with all aspects [of the company] from marketing to supervising employees." 2003 WL 21384825, at *7.

In this case, plaintiffs allege that Jorgensen is "personally involved in creating the content, approving, modifying, authorizing, and/or distributing the [unsolicited] fax ads," and that he "personally allowed his company or companies and its employees, or the WRG

defendants, to send yet another unsolicited fax to plaintiffs on January 8, 2003." 2d Am. Compl.

¶¶ 18, 20.  Plaintiffs further allege that Jorgensen "used" the WRG defendants "to promote by

unsolicited faxes the various conference activities those companies are involved in," and that

Jorgensen "was an officer and/or manager and/or stock holder of all the corporate defendants

during the relevant times of this lawsuit, and had knowledge, personal involvement with, and

control over the faxing and related marketing activities of the company or companies which sent

the faxes to [p]laintiffs." Id. ¶¶ 6, 21.  Plaintiffs also allege that they received a letter from

Jorgensen on November 12, 2002 signed "Vidar J. Jorgensen, Chairman, World Research Group,

LLC." Id. ¶ 19.  Finally, plaintiffs aver that Jorgensen is the "President, Treasurer, Clerk, and

Director" of World Conference Holding Company, Inc., a Massachusetts corporation operated

out of the adjacent suites at 500 West Cummings Park, Woburn, Massachusetts, and which is

"affiliated" with "some or all" of the WRG defendants. Id. ¶ 2.  The Court concludes that these

allegations are sufficient to state a claim against Jorgensen individually for violations of the

TCPA.

        Furthermore, according to plaintiffs, not only was Jorgensen Manganiello's and

Pose's boss, but Jorgensen's company, the World Research Group, LLC, was explicitly in the

business of promoting events or products through unsolicited faxes.[4]  Plaintiffs aver that

Jorgensen used and authorized his company and his employees to send unsolicited faxes as part

---

        [4]        Moreover, defendants stated in their Answer and Counterclaim to plaintiffs' first
Amended Complaint that Daniel Manganiello was "employed by World Research Group, LLC as
a sales representative," while Tatiana Pose "was a marketing manager for . . . World Research
Group, LLC." Answer and Counterclaim of Defendants WRG Research Inc., CBI Research, Inc.,
Center for Business Intelligence, LLC, Vidar Jorgensen, and Tatiana Pose ("Ans. and
Countercl.") ¶¶ 10-11.

of his business plan.  Plaintiffs are not asserting that Jorgensen is liable merely because of his

association with the World Research Group, LLC or the other WRG defendants, or because he is

the Chairman of World Research Group, LLC, but because he allegedly was involved actively

and personally in creating and sending the faxes to plaintiffs and in establishing a business or

businesses that routinely sent unsolicited faxes as part of a marketing plan.  The Court concludes

that these allegations are sufficient to state a claim against Jorgensen individually.[5]

   For the foregoing reasons, the Court will grant in part and deny in part defendants'

motion to dismiss.  An Order consistent with this Opinion will issue this same day.

   SO ORDERED.


         /s/_____
         PAUL L. FRIEDMAN
         United States District Judge

DATE: October 24, 2006

---

[5]   Defendants argue that plaintiffs have failed to allege facts sufficient to justify piercing the corporate veil.  Plaintiffs state in response, "plaintiffs are not currently attempting to pierce the corporate veil and hold shareholders of a corporation liable."  Pls.' Resp. at 13. Plaintiffs later suggest, however, that it is possible or even likely that the WRG defendants "are in fact run by and for Vidar Jorgensen in such a way that once discovery commences, facts will be revealed sufficient to justify a piercing corporate veil [*sic*] and hold Jorgensen (and perhaps others) additionally liable in this manner."  Id. at 15.  While the complaint does aver that Jorgensen "used" the WRG defendants to promote conferences through unsolicited faxes, that Jorgensen is "an officer, manager, or stockholder" in all the WRG defendants, and that the WRG defendants have offices located in adjacent suites in Woburn, Massachussetts, these allegations are insufficient to put defendants on notice that plaintiffs might later attempt to pierce a corporate veil. 2d Am. Compl. ¶¶ 2, 21.