UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JUDY KOPFF, *et al.*                      )
                                          )
              Plaintiffs,                 )
                                          )
       v.                                 )
                                          )        Civil Action No. 03-1747 (PLF)
WORLD RESEARCH GROUP, LLC, *et al.*       )
                                          )
              Defendants.                 )
_____)


MEMORANDUM OPINION

        This matter is before the Court on plaintiffs' motion for judgment on the

pleadings on defendants' counterclaim.[1]  Upon consideration of the record herein, the Court will

grant plaintiffs' motion.


I.  BACKGROUND

        The facts underlying this lawsuit have been described by the Court in previous

opinions and will not be repeated here.  See Kopff v. World Research Group, LLC, 298 F. Supp.

2d 50 (D.D.C. 2003); see also October 24, 2006 Opinion (granting in part and denying in part

defendants' motion to dismiss).

        This case was removed from the District of Columbia Superior Court to this

Court on August 15, 2003.  Defendants WRG Research, Inc., CBI Research Inc., Center for

_____

        [1]        In accordance with plaintiffs' July 23, 2007 notice regarding this motion, the
Court has treated it as motion for judgment on the pleadings under Rule 12(c) of the Federal
Rules of Civil Procedure.  Defendants have also treated the motion as one under Rule 12(c).  See
Defendants Opposition to Plaintiffs' Motion to Dismiss Counterclaim ("Opp.") at 1.

Business Intelligence, LLC, Vidar Jorgensen and Tatiana Pose filed an Answer and

Counterclaim against plaintiffs for the tort of abuse of process on September 8, 2003.  <u>See</u>

<u>generally</u> Answer and Counterclaim.  Plaintiffs filed an Answer to the Counterclaim on October

1, 2003.  <u>See generally</u> Answer to Counterclaim.

      Plaintiffs later filed a motion for leave to amend the complaint, which was

granted on January 4, 2005.  Defendants filed a motion to dismiss the Second Amended

Complaint for failure to state a claim, which was granted in part and denied in part by Opinion

and Order dated October 24, 2006.[2]  Defendants CBI Research, Inc. and the Center for Business

Intelligence, LLC were dismissed from the case on that date.  Plaintiffs filed a motion to dismiss

defendants' counterclaim ("Mot.") on July 18, 2007, which is fully briefed and before the Court.

As noted, the Court treats it as a motion for judgment on the pleadings.

## II.  DISCUSSION

      Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the

pleadings are closed but within such time as not to delay the trial, any party may move for

judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Except where matters outside the pleadings

are considered, the standard of review for motions for judgment on the pleadings under Rule

12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule

12(b)(6).  <u>See</u> <u>Schuchart v. La Taberna Del Alabardero, Inc.</u>, 365 F.3d 33, 35 (D.C. Cir. 2004);

<u>Ramirez v. Dep't of Corrections</u>, 222 F.3d 1238, 1240-41 (10th Cir. 2000); <u>Haynesworth v.</u>

---

[2]    The Court notes that the moving defendants have never filed an Answer to the
Second Amended Complaint, but will assume for the purposes of the instant motion that the
counterclaim against plaintiffs for abuse of process survives from defendants' original Answer
and Counterclaim.  Defendants National Vehicle Leasing Association and Dan Manganiello filed
an Answer to the Second Amended Complaint on November 17, 2006.

Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987); Fay v. Perles, 484 F. Supp. 2d 12, 13 (D.D.C. 2007).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966.  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1274.  The Court referred to this newly-clarified standard as "the plausibility standard." Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v.

3

Pardus, 127 S. Ct. at 2200;  see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit

Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991).  The complaint "is construed liberally in the

plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be

derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276; see

also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111,

1113 (D.C. Cir. 2000).  While the complaint is to be construed liberally in plaintiff's favor, the

Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by

facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions.  See

Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

        To prevail on a claim for abuse of process under District of Columbia law, a party

must demonstrate that "process has been used [by counterclaim defendant] to accomplish some

end which is without the regular purview of the process, or which compels the party against

whom it is used to do some collateral thing which he could not legally and regularly be required

to do." Jacobson v. Thrifty Paper Boxes, Inc., 230 A.2d 710, 711 (D.C. 1967).  "The mere

issuance of the process is not actionable, no matter what ulterior motive may have prompted it;

the gist of the action lies in the improper use *after issuance*." Hall v. Hollywood Credit Clothing

Co., 147 A.2d 866, 868 (D.C. 1959) (emphasis added); see also Bown v. Hamilton, 601 A.2d

1074, 1079 (D.C. 1992); Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980); Bannum v.

Citizens for a Safe Ward Five, Inc., 383 F. Supp. 2d 32,   46-47 (D.D.C. 2005); Harrison v.

Howard Univ., 846 F. Supp. 1, 3 (D.D.C. 1993) ("[O]ne who invokes the legal process to obtain

such relief as it offers commits no abuse of process.  If the relief is within the power of the court

or agency to grant, and is warranted by the merits, the process has been lawfully employed.").

4

Defendants' allegations of plaintiffs' improper motive notwithstanding, their abuse of process claim cannot survive in view of the fact that in availing themselves of the judicial process plaintiffs sought only such relief as the system legitimately offered.  That is, defendants' abuse of process claim fails because defendants do not allege any misuse of the judicial process by their adversary.  Regardless of whether plaintiffs sought to encourage a settlement from the defendants by filing this lawsuit, or the fact that plaintiffs have amended their pleadings to add and dismiss defendants, there is no allegation that plaintiffs sought a "collateral thing which [defendants] could not legally and regularly be compelled to do." Jacobson v. Thrifty Paper Boxes, Inc., 230 A.2d at 711.  As plaintiffs note, see Opp. at 7-8, under District of Columbia law even an allegation that a plaintiff knowingly brought suit on an unfounded claim is not by itself an abuse of process.  See Hall v. Hollywood Credit Clothing Co., 147 A.2d at 868.  In short, simply filing a lawsuit is not actionable, regardless of the motive that may have prompted the suit.  See Morowitz v. Marvel, 423 A.2d at 198.

Defendants argue that they have suffered inconvenience and harassment as a result of this case, but, as this Court has noted before, such results are the unhappy incident of almost any litigation and are an insufficient basis for an abuse of process counterclaim. Accordingly, the Court will grant plaintiffs' motion for judgment on the pleadings on defendants' abuse of process counterclaim.  An Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 7, 2007

5