UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDY KOPFF, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03-1747 (PLF) |
| WORLD RESEARCH GROUP, LLC, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This matter is before the Court on defendants' motion for summary judgment ("Mot."), plaintiffs' opposition thereto ("Opp."), and defendants' reply ("Rep"). As the Court has previously explained, plaintiffs Judy and Gary Kopff brought this suit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiffs allege that, "since the mid-1990s," defendants have sent plaintiffs "dozens [of] unsolicited fax advertisement transmissions of two pages each, on a regular basis approximately every two months, promoting various events . . . without plaintiffs' prior express invitation or permission." Second Amended Complaint ("2d Am. Compl.") ¶ 10.

The remaining defendants[1] – Vidar J. Jorgensen, Tatiana Pose, Dan Manganiello, the National Vehicle Leasing Association ("NLVA"), and WRG Research, Inc. – have moved for summary judgment on three grounds: (1) lack of standing by plaintiff Judy Kopff because she

---

[1] The Court previously dismissed defendants CBI Research, Inc. and the Center for Business Intelligence, LLC for failure to state a claim against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See October 24, 2006 Opinion and Order. World Research Group, LLC was never served. See id. at 7 n.2.

was not a recipient of the faxes; (2) lack of standing by plaintiff Gary Kopff because he filed for bankruptcy the day after he filed this lawsuit; and (3) judicial estoppel because Gary Kopff did not disclose this lawsuit as an asset in his bankruptcy filings.  The Court will grant summary judgment for the defendants because it concludes that Judy Kopff lacks standing and Gary Kopff is judicially estopped from pursuing this lawsuit.

## I.  BACKGROUND

The relevant facts for purposes of this motion, as summarized by the defendants, are as follows:

> Plaintiffs Judy Kopff ("Mrs. Kopff") and Gary Kopff ("Mr. Kopff") filed this lawsuit on October 21, 2002, alleging that they had received various unsolicited facsimile transmissions from the Defendants, in violation of the TCPA.  The faxes were addressed to Mr. Kopff, as President of Heritage Management Ltd. ("Heritage") and were sent to the fax number listed on Heritage's letterhead.  Mrs. Kopff acted as Executive Assistant to the President of Heritage, and accepted the faxes from the fax machine located in the Kopffs' home office.  The day after filing this suit, on October 22, 2002, Mr. Kopff filed for bankruptcy.  Under penalty of perjury, Mr. Kopff failed to disclose the pendency of the instant suit on his bankruptcy schedules.  Subsequently, on or about March 11, 2003, Mr. Kopff received a discharge from his debts, pursuant to Chapter 7 of the bankruptcy code.  Five months later, in August 2003, Mr. Kopff amended his bankruptcy schedules, finally disclosing the instant lawsuit.  Then, in October 2003, seven months after Mr. Kopff received a Chapter 7 discharge, the trustee abandoned the instant suit as an asset.

Mot. at 2.  In their brief in opposition, plaintiffs do not appear to dispute these facts, and in any event failed to file a statement of material facts in genuine dispute as required by the Local Civil Rules of this Court.  See Local Civil Rule 56.1.  The Court therefore will assume that the defendants' material facts are admitted.  See id.

II.  DISCUSSION

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence."  Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other

competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). She is required to provide evidence that would permit a reasonable jury to find in her favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support [his] claims." Freedman v. MCI Telecomm. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

Under the Telephone Consumer Protection Act ("TCPA"), it is "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement[.]" 42 U.S.C. § 227(b)(1)(C). The TCPA provides a private cause of action to enjoin violations and "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(b)(3).

The faxes at issue in this case were sent to Gary Kopff, by name, and not a single fax was sent to Judy Kopff. See Def.'s Statement of Material Facts as to Which No Genuine Issue Exists ("Def.'s SMF") ¶¶ 6-7. While Judy Kopff worked as her husband's assistant, the faxes were addressed to him. See id. The Court concludes that, as a result, Judy Kopff lacks standing to pursue the claims in this case. For example, if the undersigned were to be sent

unsolicited facsimiles, in violation of the TCPA, at the fax machine in chambers addressed specifically to "the Honorable Paul L. Friedman," it cannot be that the Court's judicial assistant, law clerks and interns would each have a cause of action by virtue of walking by the machine and picking up the facsimile. Despite the plaintiffs' argument that "this Court" has recognized Judy Kopff's standing, see Opp. at 7, the case cited is not the instant case, but one of the other TCPA cases that these plaintiffs have brought.[2] While the Court might think otherwise were the faxes addressed generically – e.g. to "Employee of Heritage Management" – or were they not addressed at all, in a case like this one where there is a specific, existing addressee such as Gary Kopff, the Court is persuaded that the TCPA cause of action is his, and not his staff's, regardless of the fact that the "staff" in this case is his wife. Accordingly, the Court will grant summary judgment for the defendants as to plaintiff Judy Kopff's claims.

With respect to Gary Kopff, the Court disagrees with defendants that he lacks standing as a result of having filed for bankruptcy. That defect appears to have been cured, as plaintiffs argue, see Opp. at 10-13, by virtue of the bankruptcy trustee abandoning this lawsuit as an asset.

The Court is persuaded, however, that Gary Kopff is barred from pursuing this lawsuit under the doctrine of judicial estoppel. See Moses v. Howard University Hosp., – F. Supp. 2d –, 2008 WL 2656158 (D.D.C. July 1, 2008). Judicial estoppel is an equitable doctrine that prevents parties from abusing the legal system by taking a position in one legal proceeding

---

[2] In that case, Judge Bates granted motions to dismiss all the defendants save one who had never responded to the complaint. He entered default judgment against that defendant and never addressed the issue of standing. See Kopff v. Roth, Civil Action No. 05-0798, 2007 WL 1748918 (D.D.C. June 15, 2007).

that is inconsistent with a position taken in a later proceeding.  See New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001); Elemary v. Holzmann A.G., 533 F. Supp. 2d 116, 125 n.6 (D.D.C. 2008).  The doctrine "protect[s] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  New Hampshire v. Maine, 532 U.S. at 749-50; see also Konstantinidis v. Chen, 626 F.2d 933, 938 (D.C. Cir. 1980) (purpose of the doctrine is to prevent "improper use of judicial machinery"); Scarano v. Central Rail Co. of New Jersey, 203 F.2d 510, 513 (3d Cir. 1953) (observing that the application of judicial estoppel prevents the use of "intentional self-contradiction . . . as a means of obtaining an unfair advantage").

As the Supreme Court recently explained, "'[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle."  New Hampshire v. Maine, 532 U.S. at 750 (quoting Allen v. Zurich Insurance Co., 667 F.2d 1162, 1166 (4th Cir. 1982)).  The Supreme Court observed, however, that courts generally consider three factors when determining whether to apply the doctrine of judicial estoppel in a particular case:

> First, a party's later position must be "clearly inconsistent" with its earlier position. . . .  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," [Edwards v. Aetna Life Insurance Co., 690 F.2d 595, 599 (6th Cir. 1982)]. . . .  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. at 750-51.  These factors, the Court emphasized, are not

"inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. at 751. Rather, they serve as guideposts and "[a]dditional considerations may inform the doctrine's application in specific factual contexts." Id.

Many courts, including this one, have applied the doctrine of judicial estoppel to bar plaintiffs from pursuing claims because those plaintiffs failed to disclose the existence of their claims to bankruptcy courts in prior or parallel bankruptcy proceedings. See Moses v. Howard University Hosp., 2008 WL 2656158, at *4-6; see also Becker v. Verizon North, Inc., No. 06-2956, 2007 WL 1224039, at *4 (7th Cir. Apr. 25, 2007) (plaintiff/debtor failed to disclose employment discrimination claims to bankruptcy court; court affirmed the district court's grant of summary judgment on judicial estoppel and standing grounds); Tyler v. Federal Express Corp., 206 F. App'x 500, 500 (6th Cir. 2006) (affirming on judicial estoppel grounds); Baker v. Dep't of Interior, 125 F. App'x 151, 151 (9th Cir. 2005) (same); Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."); Barger v. City of Cartersville, 348 F.3d at 1292-93 (plaintiff/debtor failed to disclose employment discrimination claims to bankruptcy court; court affirmed district court's ruling that plaintiff/debtor was estopped from pursuing claims for monetary damages).

The Court concludes that the reasoning of these cases amply supports the application of the doctrine of judicial estoppel to Gary Kopff in this case. As defendants note, see Mot. at 10-11, Mr. Kopff filed this lawsuit on October 21, 2002. He filed for bankruptcy the very next day. Mr. Kopff completed and signed his bankruptcy statement of financial affairs and

schedules under penalty of perjury.  See United States v. Naegele, 367 B.R. 1, 9-12 (D.D.C. 2007).  He failed to disclose this lawsuit, or to be more specific, his contingent claim herein, and then received a discharge of his debts under Chapter 7 of the bankruptcy code.  He did not amend his bankruptcy schedules until after he received a discharge of his debts.  See Def.'s SMF ¶¶ 10-14.  Mr. Kopff should not, and will not, be allowed to pursue his claims as a result of misleading the bankruptcy court and trustee.  As a result, the Court will grant summary judgment in favor of defendants on Gary Kopff's claims in this case.

An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 1, 2008